UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MICHAEL VITO SATTANE, SR., a/k/a
Mike Sattane,
<u>Plaintiff-Appellant,</u>

v.

GENEVIEVE M. POWELL,                                             No. 97-2685
<u>Defendant-Appellee,</u>

and

JOHN TIMOTHY STACK, Trustee,
<u>Party in Interest.</u>

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Joseph F. Anderson, Jr., District Judge.
(CA-97-2903-3-17, BK-96-77005, AP-97-80049)

Submitted: June 30, 1998

Decided: July 14, 1998

Before MURNAGHAN, NIEMEYER, and HAMILTON,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joseph H. Wachter, Myrtle Beach, South Carolina, for Appellant.
James Daniel Cooper, Jr., COOPER, COFFAS & MEGNA, P.A.,
Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Michael Vito Sattane, Sr., appeals from the district court's order affirming the bankruptcy court's order allowing as an unsecured claim in Sattane's bankruptcy case, Genevieve Powell's claim in the amount of $12,500, and declining to address Sattane's challenge to the state court's contempt orders. For the reasons that follow, we affirm.

Powell filed a proof of claim in Sattane's Chapter 11 bankruptcy case, asserting her claim for $12,500, which was the balance due on a state court judgment entered July 17, 1984. At the time the judgment was entered, Sattane owned real property in South Carolina, and the judgment constituted a lien on the property. Sattane filed an adversary action in his bankruptcy case, contending that the lien was no longer valid or enforceable, and therefore Powell's claim should not be allowed.

In her answer, Powell asserted that she and Sattane had entered into three settlement agreements. All of the settlement agreements provided that in exchange for Powell's agreement not to place Sattane under oath concerning his assets and appoint a receiver to take control of his assets, Sattane agreed to stated terms of repayment of the debt, subject to the contempt powers of the court. All three of the settlement agreements were approved by the state court. Sattane did not dispute the provision making the agreement subject to the court's contempt powers and he did not appeal from the orders approving the settlement agreements.

When Sattane failed to make the payments agreed upon and approved by the state court's "Order Approving Settlement Agreements," the state court judge found Sattane in contempt for his failure to abide by the court's order. The court ordered Sattane to pay certain

2

sums or serve ninety days in the county jail. Several years later, Sattane was again found in contempt of court for his failure to comply with the repayment schedule set forth in the court's order. The state court sentenced Sattane to ninety days in jail and provided that he could purge himself of contempt by paying the balance of the debt ($11,500) plus $1000 attorney's fees. Sattane did not appeal from either contempt order.

Sattane's adversary proceeding in the bankruptcy court also challenged the state court's contempt orders, which required him to pay the balance of the debt or serve ninety days in the county jail. He asserted that the contempt orders were in violation of the South Carolina Constitution, which prohibited the imprisonment of a contract debtor for failing to pay. In her answer, Powell asserts that the Orders Approving Settlement Agreements constitute new judgments which have not expired and which are fully enforceable. She further contends that by failing to object to or appeal from the orders Sattane has waived his rights to challenge the validity of the prior judgments and the validity of the contempt orders.

The bankruptcy court found that a judgment and a lien are not the same, and although the lien had expired pursuant to S.C. Code Ann. § 15.35-810 (Law. Co-op. 1976), the judgment survived. Therefore, the bankruptcy court allowed the balance due on the judgment as an unsecured non-priority claim in Sattane's bankruptcy action.

The district court affirmed the allowance of the claim on the alternative basis that the settlement agreements, adopted by the court as orders approving settlement agreements, constituted new judgments or contractual obligations to pay. And, having been entered within ten years of Sattane's bankruptcy action, the district court determined that the claim was allowed. Sattane again appeals, contending that the state court erred in approving the settlement agreements because the settlement agreements provided for payment on a judgment which had expired as a matter of law. He also challenges the state court's contempt orders as violative of the South Carolina Constitution.

A claim under the bankruptcy code shall be allowed, except to the extent that it is unenforceable against the debtor and property of the debtor under any agreement or applicable law. 11 U.S.C.A.

3

§ 502(b)(1) (West 1993 & Supp. 1998). The validity of a claim based on a state court judgment may be attacked in bankruptcy court only on the grounds that there was lack of jurisdiction over the parties or subject matter or that the judgment was procured by fraud. See Heiser v. Woodruff, 327 U.S. 726, 732, 733, 736 (1946). Sattane does not challenge the judgment on any of these bases.

Where an issue has been previously litigated in the state court, res judicata precludes the parties from relitigating that matter in the bankruptcy court. Heiser, 327 U.S. at 736. Here, Sattane voluntarily entered into three separate agreements with Powell in settlement of her attempts to collect on the judgment. Each of these agreements was approved by the state court and an order approving the settlements was entered. Sattane did not appeal from any of these orders, nor did he at that time raise his claim that the judgment had expired by operation of law. In general, a judgment is res judicata as to all matters litigated in that action and as to all relevant matters which could have been but were not raised and litigated in the action. See Heiser, 327 U.S. at 735. Because Sattane failed in the state court to assert his claim that the judgment had expired by operation of law, that matter is precluded from relitigation in the bankruptcy court.

For the same reasons, we decline to review the propriety of the state court's orders holding Sattane in contempt of court. Sattane failed to object to the provision in the state court orders providing for enforcement by use of the court's contempt powers and he failed to appeal from this order and assert this issue on appeal. The order finding Sattane in contempt is now res judicata as to his constitutional challenge.

In conclusion, we affirm the district court's order which affirmed as modified the bankruptcy court's decision allowing Powell's claim in the amount of $12,500, and declining to address Sattane's constitutional challenge to the state court's orders finding him in contempt of court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4